UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL GUDINO,

    Plaintiff,

v.

HARRIS & HARRIS, LTD., and
NORTHSHORE UNIVERSITY
HEALTHSYSTEM,

    Defendant.

Case No. 1:20-cv-07735

## COMPLAINT

**NOW COMES** Plaintiff, MICHAEL GUDINO, through undersigned counsel, complaining of Defendants, HARRIS & HARRIS, LTD., and NORTHSHORE UNIVERSITY HEALTHSYSTEM (collectively, the "Defendants"), as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for the Defendants violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the bankruptcy discharge injunction.

## JURISDICTION AND VENUE

**2.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MICHAEL GUDINO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 914 Ridge Square, Apartment 102, Elk Grove Village, Illinois 60007.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. HARRIS & HARRIS, LTD. ("Harris & Harris") is a corporation organized and existing under the laws of the state of Illinois.

7. Harris & Harris maintains a principal place of business at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604.

8. Harris & Harris is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Harris & Harris uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

10. Northshore University HealthSystem ("Northshore") is a not-for-profit corporation organized and existing under the laws of the state of Illinois.

11. Northshore maintains a principal place of business at 1301 Central Street, Evanston, Illinois 60201.

## FACTUAL ALLEGATIONS

12. On January 22, 2020, Plaintiff received medical services from Northshore at a cost of $158.02.

13. Plaintiff's $158.02 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. As result of financial hardship, Plaintiff was not able to make payment(s).

15. On May 31, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

---

[1] Harris & Harris is among the leading receivable recovery solution providers in the nation, with a comprehensive business unit dedicated to the healthcare industry. We are known for our collaborative collection approach, and strict compliance with federal and state regulations. Our ultimate goal is to obtain the highest level of recoveries while preserving the goodwill of your patients. https://www.harriscollect.com/healthcare/ (last accessed December 28, 2020).

2

16. Amended schedules filed by Plaintiff, dated August 18, 2020, included Harris & Harris and Northshore on Schedule F: Creditors Holding Secured Claims.

17. On August 18, 2020, Plaintiff's bankruptcy attorney certified that he served notice of Plaintiff's Chapter 7 bankruptcy case by first class mail to Harris & Harris and Northshore.

18. On September 9, 2020, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

19. On September 11, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy discharge by Electronic Data Interchange (EDI)[2] to Harris & Harris, 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604-4135 on September 10, 2020 at 06:33:00.

20. Whatismore, the Bankruptcy Noticing Center certified, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy discharge by first class mail to Northshore University Health, Hospital Billing, 23056 Network Place, Chicago, Illinois 60673-1230 on September 11, 2020.

21. Despite Plaintiff's Chapter 7 discharge, Plaintiff's discharged debt was referred for collection.

---

[2] Upon execution of an agreement, the BNC transmits bankruptcy notices to high-volume notice recipients in the EDI format. EDI is an electronic file format that supports the automated transmission and extraction of case data from notice files. Through the Electronic Bankruptcy Noticing (EBN) Program, entities can receive notices via EDI, pursuant to the American National Standards Institute (ANSI) X12 175 Court Notice Transaction Set. The BNC will transmit only the variable information in the notice (e.g., form identification codes, debtor names, 341 meeting locations), in lieu of the entire notice text. The BNC can send the following types of notices via EDI: notice of meeting of creditors (341 notice), discharge notice, dismissal notice, and notice of assets generated by the courts' case management system (CM/ECF). The remaining court-generated notices and orders would be sent via email. EDI subscribers receive notices days faster than by U.S. mail. Additionally, EDI subscribers are able to reduce their bankruptcy notice processing expenses by replacing manual data entry processes with automated procedures. Fed. R. Bankr. P. 9036, which authorizes electronic noticing, requires the recipient to make a written request for electronic noticing. The EBN agreement satisfies the rule requirements, and it describes the EDI noticing process. The BNC software compares the entity's name and address included in the court's record with any names and addresses provided in the EBN agreement. If there is a match, the notice will be sent electronically. If there is no match, the BNC will send the notice via U.S. mail. Thus, in order to maximize the effectiveness of EBN, it is important for an entity to enter its name and address exactly as it appears on bankruptcy court notices, along with any name and address variations that appear on bankruptcy court notices.

22.     Harris & Harris mailed Plaintiff a letter, dated November 25, 2020 (the "Letter"), which stated:

| Creditor(s): | NORTHSHORE UNIVERSITY HEALTHSYSTEM |
|---|---|
| Reference #: | 44060306 |
| Amount Due: | $158.02 |

**IMMEDIATE RESPONSE REQUIRED**

Dear Michael Gudino:

As you already know, our collection agency has been retained to collect your past due account(s) owed to the creditor(s) listed in the detail section. The federally mandated validation period has now expired, and we will now assume this debt is valid. Your account(s) remain due and owing with us.

**Please pay immediately to clear this ongoing delinquency.**

You may contact our office to inquire about payment plan options.

**Payment Plan and Other Payment Assistance:**
If you would like to pay the amount due, but anticipate difficulty paying, please contact our office at (855)326-7915 for information regarding payment plans and charity care consideration. You may also inquire about financial assistance with Northshore and obtain free copies of Northshore's financial assistance policy, application, and plain language summary by visiting the Northshore website at www.northshore.org/about-us/billing/financial-assistance or calling Northshore's customer service department at (847) 570-5000.

Various payment options are available for your convenience:

| Mail payment in enclosed envelope | Pay online www.payharris.com | Pay by phone 855-959-0203 |

## Detail Box

| Creditor Name | Patient Account | Date of Service | Patient Name | Balance |
|---|---|---|---|---|
| Northshore University Health System | 0000693XXXX | 01/22/2020 | Gudino, Michael | $158.02 |
| | | | **Total:** | $158.02 |

When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic fund transfer from your account. In certain circumstances, such as for technical or processing reasons, we may process your payment as a check transaction.

**Notice: See Reverse Side for Important Information**
This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector. Harris & Harris, Ltd. is a collection agency.

23.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**DAMAGES**

24. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

25. Indeed, the United States Supreme Court has described the protection which a debtor derives from the entry of a discharge order as one of the "[c]ritical features of every bankruptcy proceeding…." *Cent. Virginia Cmty. Coll v. Katz*, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

26. Thus, "when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." *Mooney v. Green Tree Servicing, LLC*, 340 B.R. 351, 358 (Bankr. E.D. Tex. 2006).

27. Defendants' unlawful collection practices deprived Plaintiff of one of his fundamental protections and led Plaintiff to believe his bankruptcy was for naught, causing anxiety and emotional distress.

28. The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings—without feeling harassed

29. Concerned with having had his rights violated, Plaintiff sought counsel; expending time and incurring attorney's fees to vindicate his rights.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Harris & Harris's violation(s) of 15 U.S.C. § 1692** *et seq.*

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692e**

31.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

     (2)     The false representation of–

          (A)     the character, amount, or legal status of any debt.

     (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32.     Harris & Harris's November 25, 2020 letter to Plaintiff asserted that Plaintiff's debt to Northshore was due and demanded that Plaintiff pay the debt.

33.     But at the time of Harris & Harris's November 25, 2020 letter, Plaintiff's debt to Northshore was not due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

34.     It seems clear, then, that Harris & Harris's November 25, 2020 letter misrepresented the legal status of Plaintiff's debt to Northshore in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

**Violation of 15 U.S.C. § 1692f**

35.     Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

     (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount

6

        is expressly authorized by the agreement creating the debt or permitted by law.

36.    Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

37.    Harris & Harris violated 15 U.S.C. § 1692f(1) by attempting to collect Plaintiff's $158.02 balance to Northshore—collection of which is prohibited by 11 U.S.C. § 524(a)(2).

38.    Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find that Harris & Harris violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B.    award any actual damage sustained by Plaintiff as a result of Harris & Harris's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## COUNT II:
### Defendants' willful violation(s) of 11 U.S.C. § 524(a)(2)

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. A chapter 7 discharge extinguishes a debtor's personal liability on all prepetition debt, absent certain exceptions to discharge. See 11 U.S.C. § 727(b).

41. The discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

42. For a violation of the discharge to be contemptuous, however, it must be willful.

43. In *In re Pincombe*, 256 B.R. 774 (Bankr. N.D. Ill. 2000), the court noted that the same test used to determine a willful violation of the automatic stay under 11 U.S.C. § 362 applies to the determination of a willful violation of the post-discharge injunction under 11 U.S.C. § 524.

44. Under the test, the creditor may be held in contempt if it (1) had knowledge of the post-discharge injunction; and (2) intended the actions which violated the injunction. *In re Weinhold*, 393 B.R. 623, 628 (Bankr. E.D. Wis. 2008).

45. Here, the discharge was entered on September 9, 2020, and the Bankruptcy Noticing Center's certificate of service shows that both Harris & Harris and Northshore received copies of the discharge order.

46. Accordingly, Northshore knew of Plaintiff's Chapter 7 discharge when they referred Plaintiff's prepetition obligation to Harris & Harris for collection.

8

47. Northshore's motive was clearly to collect on an obligation that they were no longer legally able to collect on.

48. Similarly, Harris & Harris knew of Plaintiff's Chapter 7 discharge injunction when they sent Plaintiff the Letter seeking $158.02 payment.

49. Generally, the question of whether bills sent post-discharge are violative poses few serious difficulties.

50. For example, a bill for a discharged unsecured debt (e.g., a medical debt) – as is the case here – absent compliance with the strict reaffirmation requirements of 11 U.S.C. §§ 524(c) or (d), is plainly an enjoined act to collect a discharged debt as a personal liability. In other words, if that bill is sent intentionally, with notice of the discharge, it is a willful discharge violation.

51. Despite notice, Defendants chose to act with cavalier disregard for the discharge injunction, and the conduct evidenced in this case requires deterrence.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendants willfully violated the discharge injunction;

B. award actual damages, including costs and attorneys' fees, and punitive damages in an amount to be determined by the Court; and

C. award of such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 28, 2020              Respectfully submitted,

**MICHAEL GUDINO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com